IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:12-897-CMC |
| v. | **OPINION AND ORDER** |
| John Wesley Boyce, III, | |
| Defendant. | |

Defendant filed a motion in this court pursuant to 28 U.S.C. § 2255, challenging his conviction for a violation of 18 U.S.C. § 924(c).[1]  ECF No. 302.  The Government filed a motion to dismiss or for summary judgment.  ECF No. 314.  Defendant filed a response in opposition to summary judgment.  ECF No. 318.[2]

**I.    Background**

On February 19, 2013, Defendant was charged in a Superseding Indictment with the following counts: 1) conspiracy to commit Hobbs Act Robbery; 2) conspiracy to possess with intent to distribute cocaine; 3) attempt to possess with intent to distribute cocaine; 4) conspiracy to knowingly use and carry a firearm in relation to a drug trafficking crime "as set forth in Counts 2 and 3 of this Indictment," and in relation to a crime of violence "as set forth in Count 1 of this Indictment"; and 5) knowing use and carrying of a firearm during and in relation to a drug

---

[1] Defendant originally filed a *pro se* motion to appoint counsel (ECF No. 296), which was granted (ECF No. 297).  The Federal Public Defender then filed the instant motion.

[2] This matter was held in abeyance pending the *en banc* decision of the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and the decision of the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

trafficking crime "as set forth in Counts 2 and 3 of this Indictment," and in relation to a crime of violence "as set forth in Count 1 of this Indictment." ECF No. 123.

On July 12, 2013, Defendant pled guilty, pursuant to a Plea Agreement, to Counts 1 and 5 of the Indictment: conspiracy to commit Hobbs Act Robbery and a violation of § 924(c). ECF No. 196. The Plea Agreement noted Count 5, the § 924(c) count, charged "using/carrying firearm(s) during and in relation to, and possessing firearms in furtherance of a crime of violence and/or drug trafficking crime." *Id.* at ¶ 1. Judgment was entered on October 9, 2013. ECF No. 216. Defendant was sentenced to a total term of 106 months, consisting of 46 months as to Count 1 and 60 months as to Count 5, consecutive. *Id.* Defendant appealed, but the appeal was dismissed based on Defendant's appeal waiver in the Plea Agreement. ECF No. 230.

**II.   18 U.S.C. § 924(c)**

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46." § 924(c)(2). The statute defines a "crime of violence" as:

> an offense that is a felony and –
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[3]

§ 924(c)(3).

The Fourth Circuit has held conspiracy to commit Hobbs Act Robbery cannot qualify as a crime of violence under the force clause of §924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019). The *Simms* court also concluded the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *Id.* at 236.

On June 24, 2019, the Supreme Court also decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach.[4] *Id.* at 2327-2332.

### III. Discussion

Defendant argues his § 924(c) conviction in Count 5 was predicated on the conspiracy to commit Hobbs Act Robbery conviction in Count 1, which cannot serve as an underlying offense as it is not a crime of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid. ECF No. 302. Defendant further argues the § 924(c) count was not predicated on the drug trafficking crimes in Counts 2 and 3, as Defendant was not convicted on those counts. *Id.* The Government has moved for summary judgment, arguing Defendant's claim is barred by his

---

[3] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

[4] *Davis* did not address the force clause issue, as the Fourth Circuit did in *Simms*, because the lower court determined conspiracy to commit Hobbs Act Robbery did not qualify under the force clause, and this holding was not appealed. *Id.* at 2325.

3

valid guilty plea and appeal waiver, is untimely, and fails on the merits as Defendant's § 924(c) charge was based on drug trafficking crimes as well as a crime of violence. ECF No. 314-1. Defendant responded, arguing his §924(c) conviction was based only on the Hobbs Act Robbery conspiracy, not the drug trafficking crimes. ECF No. 318. He also argues his appeal waiver should not be enforced. *Id.*

The court finds Defendant's § 924(c) conviction remains valid because it was also predicated on drug trafficking crimes. Therefore, even though conspiracy to commit Hobbs Act Robbery no longer qualifies as a crime of violence under the now invalidated residual clause or under the force clause of § 924(c), the § 924(c) conviction stands as also based on underlying offenses that constitute drug trafficking crimes.

### a. Analysis

Defendant was charged with knowingly using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime **and** a crime of violence. ECF No. 123 at 5 ("That on or about October 30, 2012, in the District of South Carolina, the Defendants . . . did knowingly use and carry firearms during and in relation to, and did possess firearms in furtherance of, a drug trafficking crime as set forth in Counts 2 and 3 of this Indictment, and did knowingly use and carry firearms during and in relation to, and did possess firearms in furtherance of, a crime of violence as set forth in Count 1 of this Indictment, which are felonies prosecutable in a Court of the United States . . ."). His Plea Agreement reflects both bases for §924(c), though he did not plead guilty to either drug trafficking crime. ECF No. 196 at ¶ 1 ("The Defendant agrees to plead guilty to Counts 1 and 5 of the Superseding Indictment now pending . . . . Count 5 charges using/carrying firearm(s) during and in relation to, and possessing firearms in

furtherance of a crime of violence and/or drug trafficking crime."). At his change of plea hearing, the court explained the charge in Count 5 as follows:

> Court: Count 5 is a charge that on or about October 30 of 2012 in South Carolina that you and others did knowingly use and carry firearms during and in relation to and did possess firearms in furtherance of a drug trafficking crime as set forth in counts two and three, and did knowingly use and carry firearms during and in relation to and possess the firearms in furtherance of a crime of violence as set forth in count one, . . .
> In order to prove that charge they would have to be able to prove that you knowingly used or carried a firearm during and in relation to or possessed a firearm in furtherance of a crime of violence or a drug trafficking crime, or you aided and abetted someone else in doing that, and the crime of violence or the drug trafficking crime was prosecutable in a court of the United States. Do you understand what they would have to prove for count five?
> Defendant: Yes, ma'am.

ECF No. 226 at 15-16.

The Government summarized the evidence against Defendant, explaining the involvement of a confidential informant:

> The confidential informant took [] information back to ATF who then had the confidential informant broach with Mr. Jones the potential of an opportunity to rob a drug stash house containing ten to 12 kilos of cocaine. Mr. Jones indicated that he was interested in conducting that robbery and that he would get a crew together. Other meetings were set up and ultimately on October 19, 2012 Mr. Jones arrived with John Boyce, and they met with the confidential informant and they met ATF undercover agent Travis Strickland who's here in the courtroom. They met with him I believe at a Shell gas station in West Columbia, talked to them about the potential of the robbery of the drug stash house. It was explained to them that there was kilogram quantities of cocaine in this drug stash house, . . .
> At that point they made further inquiries as to getting a crew together to go inside the robbery location to grab the cocaine. On the way back after meeting with the undercover agent [and] the confidential informant, Mr. Jones and Mr. Boyce had a conversation in the car, and Mr. Jones was talking about there's no telling what's in there, if its ten or 20 y'all can get ten and we'll get ten, talking about the kilograms of cocaine.
> …
> Finally it led up to October 30, 2012. The confidential informant picked up Mr. Boyce, Mr. Mobley, Mr. Davis, and Mr. Howard to go and do the robbery. When they picked them up the witnesses indicate that Mr. Boyce put two guns, two long guns previously described by your Honor, the J&C Higgins 12 gauge shotgun and

5

> a Harrington Richardson 12 gauge shotgun with some rounds of 12 gauge ammunition, they put them into the car. ATF later arrested all the individuals inside the car and found the two long guns in the car. He was arrested, Mr. Boyce was arrested there at the scene.

*Id.* at 25-28. The court inquired of Defendant:

> Mr. Boyce, let me ask you a few questions. Do you admit that you were involved in and agreed to participate in this stash house robbery?
> Defendant: Yes, ma'am.
> Court: And do you agree that it was understood by you that your participation would involve force? In other words, that you would take these drugs by force?
> Defendant: Yes, ma'am.
> Court: and that you – do you agree that the thing that you were going to take was going to be what you thought was cocaine?
> Defendant: Yes, ma'am.
> Court: And you thought that there was going to be as much as ten to 12 kilos of cocaine.
> Defendant: Yes, ma'am.
> …
> Court: And was it your understanding that those guns were going to be used by the group to rob the stash house?
> Defendant: Yes, ma'am.

*Id.* at 28, 31.

It is clear from the facts recited and from Defendant's admissions that the conduct underlying the possession of the firearms, on the same day (October 30, 2012), was a conspiracy not only to commit Hobbs Act Robbery but also to steal cocaine from the stash house: the firearms were carried and possessed with the intent to commit a robbery of a stash house to steal and ultimately possess cocaine. After the robbery, Defendant would, according to prior negotiations between co-defendants, share in possession of multiple kilograms of cocaine with the intent to distribute. *Id.* at 25-26; *see United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990) ("Intent to distribute may be inferred from . . . a quantity of drugs larger than needed for personal use."); *see also U.S. v. Young*, 609 F.3d 348, 355 (4th Cir. 2010) ("The evidence presented at trial established

that Young was in possession of almost five kilograms of cocaine, a quantity that clearly was large enough to permit the jury to conclude that the drugs were intended for distribution.").

The drug trafficking crimes in Counts 2 and 3 of the Indictment (conspiracy[5] to possess with intent to distribute 5 kilograms or more of cocaine and attempt to possess with intent to distribute 5 kilograms or more of cocaine, respectively) were cited, along with the conspiracy to commit Hobbs Act Robbery in Count 1, as underlying offenses for the § 924(c) charge in Count 5. While Defendant pled guilty only to Counts 1 and 5, it was not necessary that Defendant be convicted of a drug trafficking crime in order for his § 924(c) conviction to rest on one. Section 924(c)(1)(A) notes, in part, the drug trafficking crime or crime of violence must be one "for which the person **may be** prosecuted in a court of the United States." *See also United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering

---

[5] The Fourth Circuit recently held a conspiracy to possess cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 846 could not serve as a predicate offense for a sentencing enhancement under the Sentencing Guidelines' definition of "controlled substances offense." *United States v. Norman*, __ F.3d __, 2019 WL 3819314, at *5 (4th Cir. 2019). A controlled substance offense as defined by the Guidelines "means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Although commentary to the Guidelines included conspiracy and attempt in the definition of "controlled substance offense," the court found that § 846 conspiracy is not generic conspiracy as it does not require an overt act. *Norman*, 2019 WL 3819314; §4B1.2(b), cmt. n.1. Section 924(c) convictions, however, can be predicated on a "drug trafficking crime," defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46." § 924(c)(2). As the definition of drug trafficking crime includes any felony punishable under the Controlled Substances Act, Counts 2 and 3 of the Indictment in this case qualify as drug trafficking crimes under §924(c) and *Norman* has no application.

the question, we hold that a defendant's conviction under §924(c)(1) does not depend on his being convicted – either previously or contemporaneously – of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt."). In this case, Defendant was indicted for both a crime of violence and two drug trafficking crimes. The facts and colloquy with Defendant at the change of plea hearing made it clear that the §924(c) charge was predicated on all three counts, as quoted above.[6]

Therefore, even though conspiracy to commit Hobbs Act Robbery can no longer serve as an underlying offense for Defendant's § 924(c) conviction after *Simms* and *Davis*, his §924(c) conviction was not based solely on Count 1, but also on the two drug trafficking crimes (Counts 2 and 3) committed the same day as the firearm possession. *See United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding § 924(c) conviction where the conviction was based on both a drug trafficking crime and a crime of violence).[7]

### IV. Conclusion

Defendant's challenge to his conviction under § 924(c) fails, even though conspiracy to commit Hobbs Act Robbery can no longer serve as an underlying offense, because the § 924(c)

---

[6] Defendant is correct he was not advised of the elements of the drug trafficking crimes in relation to his guilty plea to the § 924(c) offense. However, a district judge must only be subjectively satisfied there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008). "A district court judge taking a defendant's plea need not explain the elements of each charge to the defendant on the record." *United States v. Edgerton*, 408 F. App'x 733, 736 (4th Cir. 2011) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). In this case, the facts admitted are sufficient to support a plea to § 924(c) based on both of the underlying drug trafficking crimes.

[7] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or based on the appeal waiver. However, the court need not reach these arguments, as it has determined that Defendant's conviction for § 924(c) stands.

conviction remains predicated on drug trafficking crimes. The Government's motion for summary judgment (ECF No. 314) is granted and Defendant's § 2255 motion (ECF No. 302) is hereby **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 26, 2019